This is Liggon-Redding v. The Estateof Robert Sugarman. Ms. Shakora, did I pronounce that right? Yes, you did. And I'd like to reserve two minutes for rebuttal. A few minutes, did you say? Two. Oh, two minutes. Very well. Ms. Shakora, if I could ask, have you already graduated from the law school? Yes, I have. Okay. In May. Okay, good. So I'm studying for the bar exam. Good luck to you. Thank you. Go ahead, please. Good morning, Your Honors, and may it please the Court. My name is Kristen Shakora, and I'm here on behalf of the Court-appointed amicus curiae. As amicus, I will be addressing three specific questions this Court presented to us about Pennsylvania's certificate of merit requirements. First, for the reasons stated in our supplemental letter brief, the certificate of merit rule in Pennsylvania is a procedural rule and should not apply in federal court. However, because of the amicus's position that Ms. Ligon-Redding, the appellant in this case, satisfied the requirements of the certificate of merit for Pennsylvania, I will be focusing mainly on the two questions originally briefed, first being why the litigant satisfied the certificate of merit requirement, and second, why the district court could not reject her properly filed certificate of merit under 1042.3a3. On the first question, Ms. Ligon-Redding satisfied Pennsylvania's certificate of merit requirement because her filings were in substantially the same form as provided in the rule and were timely filed. When a litigant in Pennsylvania files a malpractice action with a certificate of merit under 1042.3a3, all that is required of the plaintiff in that instance is that she state her belief that expert testimony is not required to prove her claim. Looking to 1042.9, the sample provided for litigants in Pennsylvania's certificate of merit requirement, there are two very basic requirements that must be included in that certificate. You know, the district court made a specific determination that an expert is needed in this case. Yes. And so that decision was counted for what she filed in her certificate of merit. Was any correct in dismissing the case because she did not state that an expert is going to be presented? No, Judge Fuentes. Under Pennsylvania's certificate of merit rules, the district court did not have any authority to make that determination at this early stage. Looking at the language of 1042.a3, the requirement for the plaintiff in this case is only to state blanketly that she does not need an expert and caption that filing as a certificate of merit. Doesn't at some point the district court have the right to say, you know, this is a malpractice case and you need somebody here to state that there's a reasonable probability that there was negligence? That is, a licensed skilled professional should present that information to a jury. And that apparently is what Judge Sanchez determined. Doesn't he have a right to make that decision at some point in the proceedings? Yes, Your Honor. At the more appropriate time for making that decision would be at a motion for judgment at 12b6 stage for failure to state a claim. Why is that? Because a litigant is not given notice under Pennsylvania's certificate of merit rules as to why her claim is being dismissed when it's being dismissed for a failure to prosecute. Nothing in the rule indicates that the plaintiff needs to say why she needs an expert to prove her claim at this early stage. However, at a 12b6 motion for a dismissal for failure to state a claim, the defense is going to be arguing in that motion that you cannot prove your claim because you are going to need an expert. Therefore, that is giving a plaintiff notice that that is why her case is being dismissed. If we were to assume that you're correct on that and that this is kind of an unusual case in that her case is being dumped for the same reason her earlier med mal case was dumped, and that's the failure to file or the COM. Now, but if we were to assume you were correct and that you could actually argue and successfully argue that it's negligence per se on his part not to have done that, then it goes through to the summary judgment stage. How do you get around liability without damages? When the underlying case is med mal paradigmatically, you need an expert there. So you would need to have an expert for the trial within the trial, so to speak, to show any damages. And that's not been filed yet. How do you get around that? In the majority of cases, that may be true, Judge Nygaard. However, looking at Pennsylvania's rules and how they should apply to all cases, cases being dismissed for a judgment of non-pros are not giving the requisite notice to plaintiffs. And this Court recognized in Lentino v. Fringe Employee Benefit Plans that there may be a small subset of cases that do not require expert testimony to prove a malpractice. Ms. Shakura, I'm a little bit confused. I thought that in your first statement you said that 1042.3, and you said this in your submittal, was procedural and not substantive. Correct. And then you said, but that doesn't matter because our client complied with the rule. Now you're somewhat setting up the rule, which you claim is not substantive, as the only way in which a federal court can proceed in evaluating a claim. How does that happen when you're really claiming that 1042.3 is a procedural rule, which federal courts do not have to apply because in diversity cases they apply state substantive law and federal procedure? Well, I'm assuming that this case is going to look at our supplemental letter brief and see that the weight of authority may be against us. However, that the certificate of merit rules. So you're arguing in the alternative. Yes, I am. All right. And if we, in fact, were to agree with you and say that this is a procedural rule, we would be in conflict with the Chamberlain case, wouldn't we, which looked at a provision almost identical to Pennsylvania's, the certificate of merit, and concluded that it was substantive. Respectfully, this Court can distinguish Chamberlain from Pennsylvania's certificate of merit rules. The New Jersey Affidavit of Merit statute is a statute, so it's different from Pennsylvania, which is a procedural rule that is brought down by the Pennsylvania Supreme Court. Additionally, the New Jersey Affidavit of Merit statute's method of dismissing cases is for a dismissal for failure to state a cause of action, where in Pennsylvania the method of dismissing cases on the certificate of merit is a failure to prosecute your claim. So there are differences between those. Yes, there are some differences, but in essence they're the same thing, aren't they? You have to file a certificate asserting that you were going to present an expert to testify as to professional negligence. Isn't that the purpose of both of these certificates of merit? Yes, it is. However, the method of dismissal, if looking at all portions of the rule as a whole for eerie doctrine purposes, the method of dismissal is a more lenient penalty in Pennsylvania than it is under New Jersey's statute. You're suggesting that because the method of dismissal is different between New Jersey and Pennsylvania, one should be substantive and one is procedural? That it creates a different conflict than the one that was acknowledged by this Court in Chamberlain. It creates a conflict with Federal Procedural Procedure 41B. Ms. Shikora, now assuming we're proceeding down your alternate theory that 1042.3 is substantive, what's wrong with a federal court sitting in diversity using that substantive rule but at the same time applying federal precedent in legal malpractice cases such as this one? And there is precedent. The Lentino case and others have said that except in that rare case, you need to have an expert. What's wrong with the court blending together federal law and state law? The court certainly can blend together federal law and state law. However, they must look at the Pennsylvania Supreme Court's intent in drafting this procedural scheme for filing a certificate of merit for a malpractice action. So are you saying that the Pennsylvania Supreme Court in a legal malpractice case tried in the federal district court can preclude the federal district court from making the determination that an expert is needed and dismissing a case such as this one? No, Your Honor. I'm simply stating that looking at the intent of the rule, district courts are making improper determinations on the merits of the case at too early of a stage. Looking at the Pennsylvania Certificate of Merit rule, the language itself only requires a plaintiff to state that she believes an expert is not needed to prove her claim and that this Certificate of Merit be titled a Certificate of Merit. That's all that's needed in order to get to a 12B6 stage, is that correct? Yes, Your Honor. That's our position. Now didn't your client sort of open up this determination to make it a broader determination by filing an opposition motion to the motion to dismiss and asking for summary judgment? No, Your Honor. Looking at each of the appellant's filings in this case, all the extra language in addition to the language that met the minimum requirements of the Certificate of Merit, all that extra language is pleading with the court not understanding why she's not complying with the Certificate of Merit requirement. At appendix page 54A, she states, the plaintiff does not know how to comply with Rule 1042, stating that expert testimony and goes on to quote the rule. She's asking the court, I don't know why my previous two filings do not comply with this court's order and the Pennsylvania rules for civil procedure of Certificate of Merit filing. Judge Nygaard earlier asked you about the medical malpractice case. That is the underlying case in this legal malpractice case. So I thought he was asking about the need for two different Certificates of Merit. How are you going to prove the malpractice within the malpractice? In other words, how are you going to prove the medical malpractice in order to get to the legal malpractice? Well, in this case, as we are representing, we're not representing the appellant. We are amicus. It may be a difficult burden for her to prove that if this court were to remand. You just want to get the first base, I guess, and get the complaint in court? Well, our position is to explain to this court how the Certificate of Merit rule should apply to all litigants, whether it be in Pennsylvania or before district courts in Third Circuit. Well, it seemed like the district court was rather efficient in looking at the whole case and saying, look, you need a professional expert here, and you don't have one, so I'm going to dismiss the case. Why was that wrong? In this case, it was at an early stage. There's very limited pleading available to tell whether that determination was correct. However, in the majority or in other cases, there may be the instance where that may not be the appropriate determination. Can you give us some insight into what that medical malpractice case was about? I do not know, Your Honor. That was not our case below. Now, what happened in that case? Did Mr. Sugarman fail to file the Certificate of Merit or fail to present an expert? It's unclear to me from the record, but from what I can tell he failed to procure an expert for her medical malpractice. So a Certificate of Merit wasn't the issue? I believe the case came before the Certificate of Merit requirement was at issue. The Pennsylvania Supreme Court has not decided a case on the ability to claim that you don't need an expert under Subsection 3 as of this point, have they? No, they have not. Do we have to predict in our determination what the Pennsylvania Supreme Court would rule? No, I don't believe you do. The case has been sufficiently briefed for you to determine how it should be applied in federal court, and that would provide guidance to the Pennsylvania courts. But if it's substantive, don't we have to try to predict what the Pennsylvania Supreme Court's position on this particular provision will be? Yes, perhaps you do. Okay. If this case were coming before us following a 12B6 motion, would this record support what Judge Sanchez ruled in this case? Well, that would give the appellant in this case the opportunity to brief that issue and explain why her pleadings are sufficient to – I see that my time is up, may I brief, please? Please do. That would give the litigant in this case the opportunity to respond to that motion with the notice that it's being dismissed for the failure to have an expert to prove her claim. The Pennsylvania rule, just one more question, says that whatever you state in your Certificate of Merit, you're stuck with it. That's correct. And when she says I don't need an expert, she can never come back and present an expert. She's stuck. She cannot use an expert. So if the court comes back and says you do need an expert, she has a big problem, doesn't she? Yes. She will have to try to explain her pleadings and construe them in a way that would grant her some relief, have a malpractice claim that does not require an expert to prove her claim. Thank you very much. I have some time on my button. Ms. Copeland? Good morning. May it please the Court. My name is Audrey Copeland, appearing on behalf of the appellee, the estate of Robert Sugarbin. Your Honors, first let me say that I think that the amicus is advocating a radical departure from what these courts have been doing for the past decade as far as enforcing the 1042.3 Certificate of Merit requirement in the substance of state law. And I realize there's been, other than Chamberlain, which dealt with the New Jersey Affidavit of Merit statute, there's been no reported decision by this Court. But there have been a number of unreported and non-presidential decisions in which this case has accepted the Chamberlain analysis. With regard to the- You don't have any problem with the Chamberlain analysis, do you? Oh, I don't? We have to apply that case here, don't we? Well, that would be our position, of course. And the Pennsylvania federal courts have been doing it, the district courts as well as this Court in the non-presidential opinions. But didn't Ligon Redding comply with the Pennsylvania Certificate of Merit? Our position is that she did not for several reasons. One point is that when you look at her actual filings, that they weren't in the correct format. She might have parroted the language. She might have parroted the language. She's pro se. I mean, she's not a lawyer, but the essence is to state basically what your position is. Didn't she state that? I don't need an expert? She did state that several times, and I believe she might have also stated that in the conference before the district court. Isn't that substantive compliance with the requirements of Pennsylvania Certificate of Merit? I believe not in this case, Your Honor, because she also went on to explain that the reason she didn't need the expert was because of a state court opinion allegedly sanctioning Attorney Sugarman and because of the length, I guess, of the litigation below. Well, I'm not sure she has to state a reason at this point. No, she doesn't. But since you brought it up, does she really need an expert? I mean, Sugarman lost her case, botched her case, because he didn't present an expert witness when he was required to. That was the judge's decision. So if the judge says your lawyer, Sugarman, missed the requirement by not presenting an expert witness, I'm going to dismiss your case. Does she need an expert to prove that before a subsequent jury? Yes, she does, Your Honor, because her case is attacking the quality of his professional representation. Well, didn't Sugarman's conduct fall below accepted standards of professional care in his failure to present an expert in the underlying medical malpractice case? She needs an expert to show that, because when you look at Sugarman's answer – Does a jury really need an expert to see that her lawyer – Of course they do. I say botched, but – I'm sorry, to show the standard of care and show a breach of that standard of care. Why wouldn't this be negligence per se? There's a requirement that he didn't meet, a procedural rule. I would say that the dumbest juror could understand that. Why do you need an expert for that? Well, this Court said when the quality of representation is at issue, in the Donnelly case, that you need an expert. And that's exactly what the point is in this case. You need an expert when there's some skill that's required, something that the jury would not really capture or understand, and then the expert helps explain the standard. But you don't really need that in this case, do you? You don't need an expert for the jury to understand that something went awfully wrong, and it was a result of the lawyer's unprofessional conduct? Well, again, it's the quality of the representation and his compliance with professional standards, the standard of his profession. Let me ask you this. Supposing it weren't that, that were not the case, but rather that the lawyer missed a statute of limitations resulting in the loss of a case. Do you need an expert to prove that it was the lawyer's failure to file a complaint on time? Do you need an expert to prove that that was negligent? There have been cases that say that, as well as if an expert fails to present a witness. I have several examples here. If I may cite a Pennsylvania court, it's been a court of common pleas that was affirmed with that opinion by the Superior Court. The Jones v. Gelman case, the failure to file an appeal was considered to need an expert. In Donnelly, which is a case from this court, the – Well, there may be a good reason why an appeal is not filed, not to mention you didn't get paid, but that's a whole different scenario, isn't it? No, that's exactly the same point. There may be a reason why the expert was not able to be secured. When you look at Attorney Sugarman's answer and some of his pleadings, he struck his point. But the judge said an expert is required. Well, an expert is required, was the expert required for her to go forward, I believe. But when you look at his responses, he says, for example, that she said that she would get an expert and that her underlying treating physician, subsequent treating physician, not the one who's being sued for malpractice, refused to testify and said that there was no medical malpractice and no merit to the underlying malpractice case. So there are a number of issues as to what extent he has to go and to what his professional responsibility is in the quality of his legal representation. But doesn't that very argument you're making now augur in favor of this thing not being dumped at this stage but going on to the summary judgment stage where some discovery might take place and where defenses might be presented and explanations given instead of coming under 41B? I think not. I don't think this fits into the Lentino scenario. And I think that the cases have pretty much been uniform, that really any deviation from the quality of professional representation or the standard of care requires a medical expert. And also, as well, your view then is that in each and every case involving professional negligence, an expert is required. Well, Lentino says there are some exceptions, though they don't name this as an exception. And if I may give more examples. In the Perez v. Griffin case, a medical malpractice case was deemed to require an expert testimony. Handling of a real estate attraction, Storm v. Golden, which is a Pennsylvania case. Failure to settle a defamation action in another Pennsylvania case. Failure to provide adequate testimony or meet the statute of limitations in another Pennsylvania case. Perhaps a case that might not require a certificate of merit would be a case if a plaintiff slipped and fell on the attorney's property, which would have nothing to do with his professional, the quality of professional services. It would be something totally different. And it wouldn't be a 1042-3 case, though, if somebody slipped and fell on the attorney's property. That's not a legal malpractice case. Well, the defendants might say it was. There are a number of cases where you see in the Pennsylvania Superior Courts, like the Merlini case in the Pennsylvania Supreme Court, where they litigate those issues. Ms. Copeland, let me ask you another question. What do you say the basis of the district court's opinion was? Did it rule that 1042-3 required the court to make a determination whether a certification of expert was needed, was proper? Is that what it did? The court said that an expert was necessary. In this case? In this case. The court said that she had failed to obey a previous order to provide a certificate of merit. Okay. Was this more a polis case than a determination of what 1042-3 meant? Well, I know that in Rule 41B, courts are often required to consider the polis factors. However, in this case, I think as I argued in my principle brief, that it was not necessary that the court make a formal listing of the polis factors. And because of the, there are cases from this circuit that say that if a plaintiff, there's an absolute willful refusal to proceed. And in this case, the willful refusal to provide that certificate of merit from the licensed professional, that the court can rule under 41B without making the polis determination. And also, when there's a disobedience of a court order, which there also was in this case, because by order of March 27th, he said you need a certificate of merit. And prior to that order, the court had issued a previous order, and in that order, describing, quoting the rule, describing the consequences of not filing a certificate of merit. And had obviously rejected her previous certificate of merit type compliance efforts. Other than your comments about the form of the certificate of merit that Ms. Ligon-Redding filed, did she not comply with Rule 1042? No, she's not. But if she is, I think that. Wait, wait. Tell me why she didn't comply with Rule 1042. It's a checkoff, right? You check off one of three boxes. It's a checkoff, right. One is, an expert is not necessary in this case, and she checked that off. Well, I'm saying because she added that additional information. I'm sorry? Because she added the additional information as to why she didn't need it. She didn't say she didn't, she doesn't have to explain why she doesn't need it. I'm sorry, she's not in compliance with 1042 because she added additional information? Because I gave an insight, at least to the court, as to why she was checking that off. She said she didn't need it because she was relying upon an opinion from the Pennsylvania State Court. Well, you can just cross that out. I don't understand. Why did she not comply with Rule 1042? All it requires is a statement, I will be using an expert, or I will not. One is not necessary. She said one is not necessary. Well, to put it this way, even if she was compliant with that rule, she still needed, it didn't foreclose an inquiry into the adequacy of her certification. That's fine. Right. But that comes subsequent, doesn't it? I mean, at that point, she said an expert is not necessary. Here is the certificate. That's all the 1042 requires, doesn't it? But it doesn't require that to proceed. In other words, if we were in state court and she had filed something like that, what the defendant would do would be to file a notice of intent to take default. They would take a look at their certificate of merit and say this is not adequate. They would file a notice of intent and either a non-process would be entered or else she could file a motion to determine the necessity for a certificate of merit. So the inquiry is always permitted as to the adequacy of the certificate of merit. You don't just file it and proceed. You have the other process for inquiring. If, for example, a non-process had been entered, then she could petition to open it. But the certificates of merit and the adequacy are always subject to inquiry after their filing. I mean, the state court as well as our court looks at pro se plaintiffs much more leniently than someone who is represented by counsel. And it's likely the state court is going to say there was substantial compliance here. Well, as this court said in Perez, the fact that a pro se plaintiff is confused about the rule or doesn't comply necessarily exactly with the rule is not necessarily an excuse and does not necessarily indicate substantial compliance. So I guess that's my response to that. I want to go back to my question about what the district court determined. I think you said, well, it wasn't just a determination that they could look behind the non-expert certification under 1042.3. Was this a Lentino disposition? Was this a case where they said, well, under federal law, an illegal malpractice case except a very ordinary one, you need an expert?  I can't recall if the court cited Lentino, but the court decided that, listen, you need an expert to proceed. And I think that was the meaning all along. I'm getting to the question of trying to anyways. What's the basis for the district court having said that? Well, when you look at this, you look at the face of the complaint. And in this case, there have been so many filings where the allegations have been discussed, her summary judgment motion, her responses, the defendant's responses, that these issues have been brought up by Ms. Ligon-Redding in front of the court. So it wasn't just a case. There's a district court case called the Abdul-Hay case where judgment had been entered for failure to file a certificate of merit just on precipi in federal court. And the court said, no, you can't do that. I mean, this is a case where there had been some discussion of the merits, that she had brought up the merits. And the court had continually given her extensions and said, you need a certificate of merit, you need it. Here's another extension, here's another extension. And she was obdurate in her refusal to produce this. When a district judge looks at a certificate of merit under Rule 1042, is it the judge's responsibility to either dismiss the case for failure to present the certificate of merit or to let the case go forward, or is the judge authorized to make an assessment of whether an expert is needed or not? The judge is authorized to make the assessment. It depends on the situation. I think it depends on the situation. Sometimes the certificate of merit is just not produced at all. But the rule itself doesn't authorize the district court to assess whether an expert is needed or not, does it? That's the substantive rule itself, 1042.3? It's just the substantive requirement. How you enforce the rules is up to the district court and up to the Pennsylvania procedural rules, the Pennsylvania procedural rules, and you use the federal rules to decide it. Going back to a point Judge Nygaard made, isn't that a matter of discovery and allowing the case to go forward and letting the parties determine whether an expert is, in fact, needed or not? No, it's not, because that's the whole purpose of the certificate of merit requirement. It's a substantive requirement, and it's to proclose proceeding any further on those non-meritorious cases. If you allow people to go to discovery, which is expensive and time-consuming. Unless you don't need an expert. There have to be circumstances when an expert is not needed, otherwise that would not be part of the certificate of merit. That would not be .3, right? Well, again, those circumstances could be when . . . The Pennsylvania . . . how are the rules formed? Is it the Supreme Court or the legislature? I believe it's the Supreme Court rules. The Supreme Court. Didn't the Supreme Court determine that there are instances where you don't need an expert, and that's why they put that as part of 1042? Sure, and I would say those are the cases where you slip and fall on an attorney's property or you slip and fall in a hospital or something like that. And maybe it's something so simple, but this is just not a case where things are that simple. Okay. Thank you. Thank you very much. Rebuttal? You won't draw any conclusions from that questioning, I assume, Ms. Frankel? Ms. Shakura. I'm sorry. You know, you guys switched, I think, on me. Let me get the other minutes. Ms. Shakura, sorry. Was Mr. Frankel was to argue in this case? He's my professor. Oh, okay. Supervising attorney. Okay. Ms. Shakura. Judge Mendez, your last point really goes to the heart of our argument, that the Pennsylvania Supreme Court included A3 filings for a reason. There are going to be a subset of cases that will be able to proceed beyond the certificate of merit stage. It's not our position that, in this case, an expert was or was not needed. It's more about how the procedural rules should be applied or how Pennsylvania's certificate of merit rules should be applied. And, Judge Fischer, you mentioned that you believe that the Supreme Court or the Pennsylvania courts would find these certificates to be in substantial compliance. And if that were the case, a judgment of non-pros or a judgment for failure to prosecute would not be appropriate because those dismissals are only for cases where a litigant is delaying the case or inactive. And here, Ms. Ligon-Redding repeatedly tried to comply with the certificate of merit requirement as required by the judge of the district court. Additionally, there is no authorization for the district court to make this determination at such an early stage. You mentioned the note to A3 that indicates that a litigant will be held to their A3 filing and will not be allowed to present expert testimony further in the case. Additionally, the method of dismissing cases for certificate of merit that was contemplated by the PA Supreme Court, a judgment of non-pros, as I mentioned, is for delay in an activity. And that simply wasn't the case here. And that's not a determination on the merit. This Court has recognized that a judgment of non-pros adjudicates nothing in McCarter v. Mitchum. It's not a raised judicata effect on the litigant's claim. And therefore, making a determination that an expert is needed is a merit-based decision that the district court did not have the authority to make under the Pennsylvania Certificate of Merit rules. Are there no further questions? But did they have the ability to do that under Rule 41B? Respectfully, no. Under 41B, for the failure to prosecute, it is a similar mechanism of looking at delay in an activity. You must have that delay in an activity before you can delve into the merits and determine the poorest factors of what kind of dismissal should be appropriate in that case. And here, because the litigant – I see that my time is up. Finish it. Because Ms. Ligon-Redding did substantially comply and repeatedly tried to complete her case at the certificate of merit stage, 41B would not have been appropriate. Thank you. Ms. Shakar, thank you. Is this your first argument? Yes. Well done. Thank you very much. Thank you. Thank you both. Ms. Copeland, thank you. We'll take the case.